AMERICAN SPRING WIRE CORPORATION, ARMCO INC., BETHLEHEM STEEL CORPORATION, FLORIDA WIRE & CABLE COMPANY, AND SHINKO WIRE AMERICA, INC., PLAINTIFFS *v.* UNITED STATES, UNITED STATES INTERNATIONAL TRADE COMMISSION, KENNETH R. MASON, SECRETARY, INTERNATIONAL TRADE COMMISSION, RAYMOND F. STECKEL, ESQ., EDWARD C. MARSCHNER, ESQ., AND GARRY P. McCORMACK, ESQ., COUNSEL FOR CHIERS-CHATILLON-GORCY, AND MR. JOHN G. REILLY, MR. P. LANCE GRAEF, AND MR. DONALD GREENBERG, ECONOMIC CONSULTANTS TO CHIERS-CHATILLON-GORCY, DEFENDANTS

Court No. 82-10-01407

Before RAO, *Judge.*

(Dated November 16, 1982)

*Eugene L. Stewart (Terence P. Stewart* on the briefs, *Jeffrey S. Beckington* on the briefs and at the oral argument of the motion for a temporary restraining order) for the plaintiffs.
*Michael H. Stein,* General Counsel, U.S. International Trade Commission *(Joel Junker* on the briefs and at the oral arguments) for defendants U.S. International Trade Commission and Kenneth R. Mason; *Fox, Glynn & Melamed, (Garry McCormack* at the argument) for defendants Raymond F. Steckel, Edward Marschen, John C. Reilly, P. Lance Graef and Donald Greenberg.

RAO, *Judge:* This case is before the court on plaintiffs' motion for leave to amend the complaint, for a preliminary injunction, for disclosure of confidential information under protective order and for summary judgment. Defendants oppose each of the plaintiffs' motions and move for summary judgment. Both plaintiffs and defendants have submitted statements of fact as to which there is no material dispute.

The issues involved arise from petitions filed by plaintiffs and Pan American Ropes with the United States International Trade Commission (ITC) and the United States Department of Commerce (Commerce) alleging violations of the countervailing duty laws of the United States, section 701 of the Tariff Act of 1930, as amended

(19 U.S.C. § 1671) by Brazil and France on prestressed concrete steel wire strand.

On the basis of the petitions, the ITC commenced investigations Nos. 701–TA–152(Brazil) and 701–TA–153(France) and subsequently sent out questionnaires to American producers of the merchandise, including the plaintiffs. On March 22, 1982, following the receipt of producers questionnaires, counsel for the French foreign manufacturers, Chiers-Chatillon-Gorcy (CCG) applied for release of certain confidential information submitted by plaintiff, under a protective order. This request was approved by the ITC on March 29, 1982 and the requested information was released to counsel for CCG and to economic consultants for CCG, John C. Reilly, P. Lance Graef and Donald Greenberg.

On October 7, 1982 counsel for CCG requested copies of other confidential information on the basis of the March 22, 1982 application and subsequent protective order and the ITC released additional information pursuant to this request.

On October 4, 1982 counsel for plaintiffs filed with defendant Kenneth R. Mason, Secretary of the ITC, a request for disclosure of business confidential information contained in the staff report in the investigation of prestressed concrete steel wire strand from Brazil and France, setting forth with particularity the information sought and the specific reasons why it was deemed necessary and that the non-confidential information available to counsel for plaintiffs was inadequate to permit meaningful analysis of the issues material to the investigation. This request was denied by defendant Kenneth R. Mason on the basis that section 207.7 of the Regulations of the ITC permits disclosure only of the prices or costs of production of the petitioner or interested parties supporting the petitioner.

The plaintiffs instituted this action on October 13, 1982 by filing and serving a summons and complaint, an application for a temporary restraining order to restrain the ITC from releasing confidential business information to counsel for the French and Brazilian manufacturers, a motion to show cause as to why the confidential business information submitted by the French and Brazilian producers should not be released to counsel for plaintiffs under protective order, and supporting memoranda of law.

This court granted a temporary restraining order on October 14, 1982, effective for 10 days, restraining the ITC from releasing confidential information to counsel for the foreign manufacturers and restraining counsel for the foreign manufacturers from utilizing the confidential information in the preparation of briefs, memoranda or presentation to the ITC and the court ordered plaintiffs to submit a bond in the amount of $1,000 as security. The order to show cause was not granted.

Defendant ITC subsequently filed a motion to consolidate the hearing on the preliminary injunction with a trial on the merits

and its answer to the complaint. Both sides argued their motions for summary judgment on October 26, 1982.

The issues before the court are whether the ITC erred, as a matter of law, in not granting access to the confidential staff report to the plaintiffs, the petitioners—American manufacturers of pre-stressed concrete steel wire strand, and whether the ITC erred, as a matter of law, in granting access under protective order, to the foreign manufacturers of the merchandise in France to the confidential price and cost of production data submitted to the ITC by plaintiffs.

The basis for release of confidential business information under protective order by the ITC in a countervailing duty investigation is 19 U.S.C. § 1677f(c)(1)(A):

> (c) *Limited disclosure of certain confidential information under protective order.—*
> (1) *Disclosure by administering authority or Commission.—*
> (A) In general.—Upon receipt of an application which describes with particularity the information requested and sets forth the reasons for the request, the administering authority and the Commission may make confidential information available under a protective order described in subparagraph (B).

The statute also delineates the power of the court to grant disclosure in 19 U.S.C. § 1677f(c)(2):

> (2) *Disclosure under court order.—*If the administering authority denies a request for information under paragraph (1), or the Commission denies a request for confidential information submitted by the petitioner or an interested party in support of the petitioner concerning the domestic price or cost of production of the like product, then application may be made to the United States [Court of International Trade] for an order directing the administering authority or the Commission to make the information available. After notification of all parties to the investigation and after an opportunity for a hearing on the record, the court may issue an order, under such conditions as the court deems appropriate, which shall not have the effect of stopping or suspending the investigation, directing the administering authority or the Commission to make all or a portion of the requested information described in the preceding sentence available under a protective order and setting forth sanctions for violation of such order if the court finds that, under the standards applicable in proceedings of the court, such an order is warranted, and that—
> (A) the administering authority or the Commission denied access to the information under subsection (b)(1) of this section,
> (B) the person on whose behalf the information is requested is an interested party who is a party to the investigation in connection with which the information was obtained or developed, and

(C) the party which submitted the information to which the request relates has been notified, in advance of the hearing, of the request made under this section and of its right to appear and be heard.

It is clear from the language used by Congress in both these provisions that Congress intended that only confidential information submitted by a party, the petitioner or an interested party in support of the petitioner can be disclosed under protective order and that this court can only order the ITC to make available information concerning the domestic price or cost of production of the like product.

Additionally, the legislative history of the Trade Agreements Act of 1979, P.L. 96–39 makes it clear that Congress intended only information pertaining to the prices or the costs of production of the petitioner or interested parties supporting the petitioner be disclosed under protective order:

If the Authority denies a request for information under a protective order, or the Commission denies a request for information under a protective order relating to the *prices or the costs of production of the petitioner or interested parties supporting the petitioner,* the party concerned may apply to the [Court of International Trade] for an order directing the Authority or the Commission to make such information available. After notification of all parties to the investigation and after an opportunity for a hearing on the record, the court may, if it is satisfied the disclosure is necessary for a party's effective participation in the investigation, issue an order, which shall not have the effect of stopping or suspending the investigation, directing the Authority or Commission to make all or a portion of the information described above available under a protective order. [Emphasis added] *Trade Agreements Act of 1979, Legislative History,* Vol. II at p. 437.

This Court concludes that plaintiffs are not entitled to have disclosed to them information submitted by entities other than parties to the investigation, and that such disclosure is limited to information relating to the prices or the costs of production of the petitioner or interested parties supporting the petitioner. Since plaintiffs constitute the petitioners and the interested parties supporting the petitioner, the information to which they may have access is already in their possession. They are not entitled to access to the staff report.

Defendant ITC has challenged the jurisdiction of this court in this case. The legislative history of the Trade Agreements Act of 1979 makes it clear that Congress intended the Court of International Trade to review the treatment of confidential material by the ITC:

*Treatment of Confidential or Privileged Material on Review.*—In general, on review of a countervailing duty or an-

tidumping determination, there will be no public disclosure of documents, comments or information in the record treated as confidential or privileged by the Authority or the ITC during the course of the administrative proceeding. Nevertheless, the [Court of International Trade] may review such confidential or privileged material and may disclose such material under such terms and conditions as it may order consistent with the practices of the federal courts. *Trade Agreements Act of 1979, Legislative History, supra,* at p. 538.

It is therefore the decision of this court that defendants' motion for summary judgment be granted, and that plaintiffs' motion for summary judgment be denied.